**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL BENJAMIN                                                                                       PLAINTIFF
ADC #139727

v.                                            NO. 5:13CV00319 JLH/HDY

RAY HOBBS, *et al.*                                                                                  DEFENDANTS

**ORDER**

On October 4, 2013, Michael Benjamin filed a complaint in this action that was similar if not identical to the complaint that he filed in case No. 5:12CV00237, where the undersigned judge, adopting Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray, dismissed all of Benjamin's claims except his excessive force claims. Benjamin's excessive force claims in No. 5:12CV00237 were subsequently dismissed without prejudice so that he could pursue them in state court.

Apparently after he received mail from the Clerk of Court indicating that the present case had been assigned to the undersigned judge, Benjamin filed an amended complaint, which the Clerk received on October 24, 2013. In the amended complaint, Benjamin names as additional defendants "Chief District Judge, J. Leon Holmes," and "Magistrate Judge, J. Thomas Ray." Document #4 at 1. The allegations in the amended complaint against the undersigned judge and Judge Ray relate to actions taken in case No. 5:12CV00237.[1] Along with his amended complaint, Benjamin filed a motion for temporary restraining order.

---

[1] Benjamin erroneously alleges that his complaint in case No. 5:12CV00237 "was intercepted by Chief District Judge J. Leon Holmes who filed it in the Pine Bluff Division and assigned it to Magistrate Judge J. Thomas Ray." Document #4 at 4 ¶ 29. He makes a similar allegation regarding this case. Document #11 at 4. The undersigned did not intercept Benjamin's complaint, receive the complaint and file it in the Pine Bluff Division, or assign it to a magistrate judge. Rather, in both cases the Clerk's Office filed it in the Pine Bluff Division because that was the proper venue for Benjamin's complaint, and in both instances the Clerk's Office assigned the case to a magistrate judge and a district judge pursuant to General Order No. 39.

United States Magistrate Judge H. David Young has issued proposed findings and recommendations in which he recommends that the motion for temporary restraining order be denied. In response, Benjamin has filed objections to the partial report and recommendation and a motion for recusal, arguing that both the undersigned judge and Magistrate Judge Young should recuse from this case. Benjamin asserts that the undersigned, as a named defendant in this case, should recuse pursuant to 28 U.S.C. § 455(b) and Code of Judicial Conduct Canon 3C. Benjamin also asks that this matter be transferred to Pulaski County, where venue is proper. In his objections to Judge Young's recommendations, Benjamin reiterates that the undersigned has been named as a defendant and should recuse, and he also argues that Judge Young should recuse because his recommendations show that he cannot be impartial. Finally, Benjamin has filed a petition for writ of mandamus, again arguing that the undersigned judge and Judge Young should recuse.

As to the undersigned judge, Benjamin's motions asking that he recuse are denied.[2] As the Fifth Circuit has explained,

> Disqualification is appropriate if a reasonable person, knowing all the relevant circumstances, would harbor doubts about the judge's impartiality. Adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased. In addition, a judge is not disqualified merely because a litigant sues or threatens suit.

*Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993) (footnotes omitted). Further:

> There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties. One reason for this policy is that a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge.

*In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) (citations omitted).

---

[2] It will be up to Magistrate Judge Young to make his own decision as to whether to recuse in this matter.

All of Benjamin's allegations against the undersigned judge relate to decisions that were made in case No. 5:12CV00237. All of those claims are barred by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (judges are immune from suit for judicial acts so long as they do not act in the clear absence of all jurisdiction); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

It is apparent that Benjamin has named the undersigned as a defendant in this case for the purpose of creating a basis for recusal in the hope of having the case assigned to a judge who might be more favorable. "However, 28 U.S.C. § 455(a), which governs when a judge should recuse [him]self, 'does not provide a vehicle for parties to shop among judges.'" *United States v. Urben-Potratz*, 470 F.3d 740, 745 (8th Cir. 2006) (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988)). *Cf. United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010) (a motion to change judges should be denied when it is essentially a judge shopping attempt); *United States v. Beale*, 574 F.3d 512, 519-20 (8th Cir. 2009) (defendants are not permitted to use a plot or threat as a judge shopping device); *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) ("'Judge shopping' is not a practice that should be encouraged."); *Ouachita Nat'l Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982) ("a judge should not disqualify himself solely on the basis of prior judicial rulings made during the course of the litigation."); *Rotar v. Skaggs*, No. CIV S-08-2399 MCE GGH PS, 2008 WL 5411969, at *1 n.1 (E.D. Cal. Dec. 23, 2008) (unpublished) ("disqualification is not required where the litigant baselessly sues or threatens to sue the judge"); *Woodruff v. McLane*, No. 7:04-CV-96 (HL), 2006 WL 3436045, at *1 (M.D. Ga. Nov. 29, 2006)

(unpublished) ("litigants should not be allowed to force a particular judge off a case by suing or threatening to sue the judge").

Here, Benjamin's only complaint against the undersigned judge is that the judge ruled against him in the previous action, which is a basis neither for relief nor for recusal. Benjamin's motion for recusal and his petition for writ of mandamus are DENIED. Documents #9 and #14. Benjamin's claims against the undersigned judge and United States Magistrate Judge J. Thomas Ray are dismissed with prejudice.

IT IS SO ORDERED this 16th day of December, 2013.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE